IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ARAMIS PARKER                                                                                    PLAINTIFF

v.                                                            CASE NO.: 3:19-CV-037-MPM-RP
                                                                         _____

UPRIGHT INSTALLATION, LLC and
ORLANDO DAVIES, INDIVIDUALLY                                                           DEFENDANTS

---

COMPLAINT and DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, Aramis Parker (herinafter "Plaintiff") files this action against Defendants, Upright Installation, LLC (hereinafter "Upright Installation") and Orlando Davies, Individually (hereinafter "Davies"), collectively referred to as "Defendants", for unpaid overtime compensation, and liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wages on time may be so detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers, and to the free flow of commerce, that double payment must be made in order to insure restoration of workers to that minimum standard

of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants overtime compensation, retaliation damages, liquidated damages and reasonable attorney's fees and costs.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, retaliation damages, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

4. The United States District Court for the Northern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant time period subject to this Complaint, Defendant maintained a business operation with the district, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose within this district.

7. Venue lies properly within this Court under 28 U.S.C. §1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendants, and Defendants therefore "resides" in Mississippi.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff, Aramis Parker, was, is and continues to be a resident of Hernando, (DeSoto County), Mississippi.

10. Plaintiff was employed by Defendant, Upright Installation as a forklift operator.

11. Defendant, Upright Installation is a limited liability company that is located at 928 Goodman Road E. in Southaven (DeSoto County), Mississippi.

12. At all material times hereto, Defendants operate and conduct business in and around DeSoto County, Mississippi.

13. Defendant, Orlando Davies is an individual who, upon information and belief, lives and resides in Hernando (DeSoto County), Mississippi and is listed as a manager on the Mississippi Secretary of State's site for Upright Installation, LLC.

14. At all times relevant to this action, Orlando Davies is an individual resident of the State of Mississippi, who owns, operates and conducts business on behalf of Upright Installation and who regularly exercises the authority to: (a) hire and fire employees of Upright Installation; (b) determines the work schedules for the employees of Upright Installation; and (c) controls the finances and operations of Upright Installation; and, by virtue of having regularly exercised that authority on behalf of Upright Installation, Orlando Davies is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

15. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

16. At all material times hereto (2016-2019), Defendants were the "employer" within the meaning of the FLSA.

17. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

18. At all material times hereto (2016-2019), Defendants were, are and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all material times hereto (2016-2019), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20. At all material times hereto (2016-2019), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office and warehouse equipment and supplies.

21. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

22. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

23. At all material times hereto (2016-2019), Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all hours worked and/or

those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

24. Defendant, Upright Installation is a company that specializes in installing and dismantling material handling systems.

25. Defendant is located at 928 Goodman Road East in Southaven, Mississippi.

26. Plaintiff, Aramis Parker worked for Defendants from approximately March 2013 through November 28, 2018 as a forklift operator for which he was compensated at a rate of $12.00 per hour.

27. Plaintiff was paid by Defendants as a 1099 independent contractor.

28. Defendants would reduce Plaintiff's pay for such items as equipment costs and tools.

29. Plaintiff's job duties included driving a forklift, installing and removing uprights and beams in warehouses.

30. Plaintiff was under the direct control and supervision of Defendants.

31. Defendants implemented and maintained a policy of paying Plaintiff straight time for all hours worked in a work week.

32. Defendants were aware that Plaintiff routinely worked over forty (40) hours in any given workweek; however, he was not fully compensated at a rate of time-and-one-half his regular rate of pay for those overtime work hours.

33. Upon information and belief, Plaintiff typically worked between forty-seven (47) and sixty (60) hours each week. Please see pay documents attached as Exhibit "A."

34. Plaintiff was not fully compensated for hours worked over forty (40) in any given workweek.

35. As such, Plaintiff is owed half-time back pay for all hours over forty (40) worked in a work week.

36. At all times relevant to this action, Defendants have failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to ensure that Plaintiff was properly paid his complete wages.

37. Prior to the filing of this lawsuit, Plaintiff, through his undersigned attorney, requested all relevant pay and time records from Defendants by certified letter dated December 17, 2018.

38. To date, Defendants have failed and/or refused to provide any such records.

39. Thus, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendants.

40. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff.

41. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiffs under 29 C.F.R. 516.

42. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

43. Plaintiff readopts and reincorporates paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. At all material times hereto, Plaintiff frequently worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay.

45. Defendants were aware of Plaintiff's overtime and continued to allow him to work in excess of forty (40) hours in a workweek.

6

46. Upon information and belief, Plaintiff typically worked between forty-seven (47) and sixty (60) hours of overtime every workweek.

47. Plaintiff was entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

48. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

50. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

53. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time-and-one-half of their regular rate of pay for all overtime hours worked.

54. As a direct and proximate result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages and is entitled to recover unpaid overtime wages for up to three (3) years preceding the filing of this complaint, liquidated damages and reasonable attorney fees and costs.

WHEREFORE, Plaintiff, Aramis Parker respectfully requests judgment in his favor against Defendants, Upright Installation, LLC and Orlando Davies, Individually including:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the wage and hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff, Aramis Parker, demands trial by jury on all issues so triable as a matter of right by jury.

DATED: February 25, 2019.

Respectfully submitted,
ARAMIS PARKER, PLAINTIFF

*/s/ Christopher W. Espy*
Christoper W. Espy, Esq.
MSB#: 102424

        Christopher W. Espy, Esq.
        MORGAN & MORGAN, PLLC
        4450 Old Canton Road, Suite 200
        Jackson, Mississippi 39211
        Tel: 601-718-2087
        Fax: 601-718-2102
        Email: cespy@forthepeople.com

        ATTORNEY FOR PLAINTIFF